## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**ENVIRONMENTAL INTEGRITY** )
**PROJECT** )
1000 Vermont Ave. NW, Suite 1100 )
Washington, DC 20005 )
  )
  )
                Plaintiff, )    Civil No**.** _____
  )
     v. )
  )
**UNITED STATES** )
**GENERAL SERVICES** )
**ADMINISTRATION** )
1800 F. St., NW )
Washington, DC 20405 )
  )
            Defendant. )
  )
_____ )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.     Plaintiff, the Environmental Integrity Project (EIP or "Plaintiff"), files this complaint for declaratory and injunctive relief to remedy violations of the Freedom of Information Act (FOIA or "Act"), 5 U.S.C. § 552, — more specifically, the failure of the Defendant, the U.S. General Services Administration (GSA or "Defendant"), to act upon Plaintiff's November 2, 2017 FOIA request (GSA-2018-000149) within the statutory timeframes mandated by the Act, and to process and produce non-exempt responsive records improperly withheld by Defendant.

## JURISDICTION

2.      This action arises under the citizen suit provision of the Freedom of Information Act.  5 U.S.C. § 552(a)(4)(B).

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

4.      This Court is a proper venue for all FOIA actions.  5 U.S.C. § 552(a)(4)(B); *In re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983).

5.      FOIA provides that this Court may issue a declaratory judgment, provide injunctive relief from withholding records and order production of such records, and grant other equitable relief as the Court may deem just and proper.  5 U.S.C. § 552(a)(4)(B); *Payne Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) ("The FOIA imposes no limits on courts' equitable powers in enforcing its terms.") (citing *Renegotiation Bd. v. Bannercraft Clothing Co., Inc*., 415 U.S. 1, 19-20 (1974) ("With the express vesting of equitable jurisdiction in the district court by § 552(a), there is little to suggest, despite the Act's primary purpose, that Congress sought to limit the inherent powers of an equity court.")).

6.      This Court has jurisdiction to hear this claim, as Plaintiff has exhausted its administrative remedies through GSA's failure to respond within the statutory timeframes mandated by FOIA.  5 U.S.C. § 552(a)(6)(A)(i)-(ii).  Under FOIA, a requester "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions . . . ."  5 U.S.C. § 552(a)(6)(C)(i).

7.      This Court may award attorney fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

**PARTIES**

8.    Plaintiff EIP is a nonpartisan, nonprofit organization founded in 2002 by former EPA enforcement attorneys to advocate for more effective enforcement of environmental laws. EIP's three main objectives are: to illustrate through objective facts and figures how the failure to enforce or implement environmental laws increases pollution and affects the public's health; to hold federal and state agencies, as well as individual corporations, accountable for failing to enforce or comply with environmental laws; and to help local communities in key states obtain the protection of environmental laws.

9.    Defendant GSA is a government agency.  Defendant GSA has possession, custody, and control of records to which Plaintiff EIP seeks access.  Defendant GSA is headquartered at 1800 F St., NW, Washington, DC 20405.

**LEGAL BACKGROUND**

**GSA's Requirements to Respond to FOIA Requests**

10.    FOIA requires that an agency "shall determine within 20 [working] days . . . after the receipt of any [FOIA] request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor; the right of such person to seek assistance from the FOIA Public Liaison of the agency; and in the case of adverse determination – the right of such person to appeal…[or] to seek dispute resolution services from the FOIA Public Liaison. . . ."  5 U.S.C. § 552(a)(6)(A)(i).  FOIA also requires that each agency "make a determination with respect to any appeal within twenty [working] days… after the receipt of such appeal."  5 U.S.C. § 552 (a)(6)(A)(ii).

11.    In unusual circumstances, these time limits for responding to FOIA requests and appeals may be extended by written notice, which must include "the date on which a

3

determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i).  This extension notice

may not "specify a date that would result in an extension for more than ten working days" unless

defendant invokes a narrow exception, wherein the agency reasonably asks the requester to

narrow the scope of his or her inquiry.  *Id*.  Thus, the statute mandates that an agency shall

respond with a determination no more than 30 working days after receiving a FOIA request.

12.     Upon any request for records, an agency shall make the records "promptly

available."  5 U.S.C. § 552(a)(3)(A).

### Exhaustion of Administrative Remedies

13.     FOIA provides that "[a]ny person making a request to any agency for records

…shall be deemed to have exhausted his administrative remedies with respect to such request if

the agency fails to comply with the applicable time limit provisions…."  5 U.S.C. §

552(a)(6)(C)(i).

14.     A FOIA claim accrues once the claimant has constructively exhausted his or her

administrative remedies.  *Aftergood v. CIA*, 225 F. Supp. 27, 29 (D.D.C. 2002) citing *Spannaus

v. Dep't of Justice*, 824 F.2d 52, 56 (D.C. Cir. 1987).  Constructive exhaustion occurs when the

time limits by which an agency must reply to a FOIA claimant's request or appeal expire. 5

U.S.C. § 552(a)(6)(C);  *Aftergood*, 225 F. Supp. 2d at 29, citing *Spannaus,* 824 F.2d at 58.   In

addition, an agency's "failure to inform an individual of the right to appeal constitutes a failure

to reach a determination within the statutory time limitations[, and a]ccordingly, plaintiffs are

deemed to have exhausted their administrative remedies."  *Hudgins v. IRS*, 620 F.Supp. 19, 21

(D.D.C. 1985), *aff'd*, 808 F.2d 137 (D.C. Cir. 1987) (citing *Martinez v. FBI*, No. 82–1547,

Mem.Op. (D.D.C. December 1, 1982); *Marschner v. Dep't of State*, 470 F.Supp. 196, 198–99

(D.Conn.1979); *Shermco Industries v. Secretary of the U.S. Air Force*, 452 F.Supp. 306, 317

(N.D.Tex.1978)).

## FACTUAL BACKGROUND

### GSA Policies and Procedures for Agency Travel on U.S. Government Aircraft

15.     U.S. Government agencies are required to report, on a semi-annual basis to the

GSA, information about Senior Federal officials and non-Federal travelers who fly aboard U.S.

Government aircraft.  41 C.F.R. § 301-70.907.  The reporting periods for this information are

"October 1 through March 31 and April 1 through September 30 of each fiscal year."  *Id.*  A

report is due to GSA no later than 30 calendar days after the close of each reporting period (i.e.,

no later than April 30 or October 30, respectively).  *Id.*  Each report must contain the following

information:

> (a)  The person's name with indication that he/she is either a senior Federal official or a non-Federal traveler, whichever is appropriate.
> (b)  The traveler's organization and title or other appropriate descriptive information, e.g., dependent, press, etc.
> (c)  Name of the authorizing agency.
> (d)  The official purposes of the trip.
> (e)  The destination(s).
> (f)  For personal or political travel, the amount that the traveler must reimburse the Government (i.e., the full coach fare or appropriate share of that fare).
> (g)  For official travel, the comparable city-pair fare (if available to the traveler) or the full coach fare if the city-pair fare is not available.
> (h)  The cost to the Government to carry this person (i.e., the appropriate allocated share of the Federal or CAS aircraft trip costs).

*Id.*

16.     Agencies must make records about travelers on U.S. Government aircraft

available to the public under FOIA.  41 C.F.R. § 301-70.908.

## EIP's November 2, 2017 FOIA Request

17.     On November 2, 2017, Plaintiff submitted a FOIA request to Defendant using the federal government's FOIAonline website. [1] EIP FOIA Request (Nov. 2, 2017) (Ex. A). Plaintiff's November 2 FOIA request sought "records held by [GSA] for the reporting period of April 1, 2017 through September 30, 2017 submitted by either the U.S. Environmental Protection Agency[] or the U.S. Department of Interior[] to comply with 41 C.F.R. § 301.-70.907." *Id.*

18.     GSA confirmed that it received this request on November 2, 2017.  The FOIA tracking number for this request is GSA-2018-000149.  GSA Receipt Confirmation Email to EIP (Nov. 2, 2017) (Ex. B).

19.     GSA denied EIP's November 2 FOIA request through an email message sent with the subject "FOIA Request GSA-2018-000149 GSA is Not Authorized to Release Other Agencies [*sic*] Travel Information."  GSA Email to EIP (Nov. 3, 2017) (Ex. C).  GSA alleged that "agencies maintain ownership of their travel data and determine how that data is made available to the public, per CFR 41 § 301-70.908." *Id.*  The email also stated that "in order to obtain the travel information requested, [EIP] should submit [its] request directly to the agencies" and that "[t]his completes [GSA's] action on this FOIA request." *Id.*  The email did not include any notification of EIP's right to submit an administrative appeal to GSA.

---

[1] EIP submitted a similar FOIA request on October 16, 2017 for records of travel reports submitted by U.S. Environmental Protection Agency and U.S. Department of Interior to GSA under 41 C.F.R. § 301-70.907, except for a difference in the timeframes sought.  While EIP's October 16 FOIA request asked for records submitted to GSA from January 20, 2017 to October 16, 2017, EIP's November 2, 2017 FOIA request asked for records held by GSA for the reporting period of April 1, 2017 through September 30, 2017.  On October 19, 2017, Defendant notified Plaintiff through email of its denial of EIP's October 16 FOIA request.

### EIP Filed an Administrative Appeal with GSA

20.     On November 16, 2017, EIP submitted an administrative appeal to Defendant

using the FOIAonline website regarding GSA's denial of EIP's November 2 FOIA request.  EIP

Administrative FOIA Appeal (Ex. D).  EIP's administrative FOIA appeal explained EIP's right

to access the requested records and cited case law to show why there is no legal basis for

withholding the information sought in EIP's FOIA request.  *Id.*  Further, EIP explained how

nothing in the text of 41 C.F.R. § 301-70.908, cited by GSA as the basis of its denial, supports

GSA's interpretation that the reporting agencies "maintain ownership of their travel data and

determine how that data is made available to the public."  *Id.*, citing Ex. C.

21.     GSA confirmed that it received the appeal on November 16, 2017 and assigned

tracking number GSA-2018-000208 to this appeal.  FOIAonline GSA-2018-000208 Appeal

Details (Ex. E).  On FOIAonline, GSA lists December 15, 2017 as the "Estimated Date of

Completion", which was 20 working days from when GSA received this appeal.  *Id.*

22.     To date, EIP has received no determination letter, request for clarification, or

notification of a ten working day extension from GSA regarding this appeal of EIP's November

2 FOIA request.

23.     More than 20 working days have transpired since either the November 2 FOIA

request or the November 16 administrative appeal were received by GSA.

### CLAIMS FOR RELIEF:
### VIOLATION OF FOIA, 5 U.S.C. § 552

### Count 1: Failure to Comply with Statutory Deadlines

24.     Plaintiff re-alleges and incorporates paragraphs 1 through 23.

25.     Defendant has failed to timely respond to Plaintiff's November 16 administrative

FOIA appeal, which is a violation of the FOIA requirement that an agency "make a

determination with respect to any appeal within twenty [working] days…after the receipt of such appeal." 5 U.S.C. § 552 (a)(6)(A)(ii).

26.      In the alternative, if Defendant's failure to include a notification of the right to seek an administrative appeal makes GSA's November 3 email an improper denial, then Defendant has failed to timely respond to Plaintiff's November 2 FOIA request.  Defendant's failure to timely respond to Plaintiff's FOIA request is a violation of the FOIA requirement that an agency "shall determine within 20 [working] days . . . after the receipt of any [FOIA] request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor . . . ." 5 U.S.C. § 552(a)(6)(A)(i).

27.      Plaintiff has exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

28.      GSA's disregard of its duty to timely respond has harmed and will continue to harm Plaintiff until GSA is compelled to comply with FOIA.

## Count 2: Unlawful Withholding of Agency Records

29.      Plaintiff re-alleges and incorporates paragraphs 1 through 23.

30.      GSA has improperly withheld records in response to Plaintiff's November 2 FOIA request.

31.      An agency shall lawfully withhold information only if it falls within one of the FOIA exemptions under 5 U.S.C. § 552(b) or if disclosure is otherwise prohibited by law. U.S.C. § 552(a)(8)(A).  This Court "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

32.     Defendant's withholding is unreasonable in light of the fact that the records EIP is requesting are possessed by GSA and readily accessible by the Agency.

33.     Plaintiff has exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

34.     GSA's disregard of its duty to release the documents requested has harmed and will continue to harm Plaintiff until GSA is compelled to comply with FOIA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Declare Defendant's failure to timely respond to Plaintiff's administrative FOIA appeal, or alternatively Plaintiff's FOIA request, to be unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)-(B).

B.     Hold unlawful and set aside Defendant's denial of Plaintiff's FOIA request.

C.     Order Defendant to immediately conduct a reasonable search for all responsive records.

D.     Order Defendant to promptly provide Plaintiff with all non-exempt records responsive to Plaintiff's FOIA request.

E.     If Defendant's response claims that any records or portions of records fall under one or more FOIA exemptions, order Defendant to provide a reasonable basis for its exemptions to satisfy requirements of *Vaughn v. Rosen*.[2]

F.     Award Plaintiff its costs of this action, including reasonable attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E).

G.     Retain jurisdiction to ensure compliance with the Court's decree.

---

[2] 484 F.2d 820 (D.C. Cir. 1973).

H.      Grant such other relief as the Court deems just and proper.


DATED:       January 8, 2018

Respectfully submitted,

/s/ Eric Schaeffer_____
Eric Schaeffer, DC Bar No. 427669
Environmental Integrity Project
1000 Vermont Ave., Suite 1100
Washington, DC 20005
(202) 263-4440
eschaeffer@environmentalintegrity.org

*Counsel for Environmental Integrity Project*